**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES H. DUNCAN, <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> BOARD OF TRUSTEES, Transit Police Retirement System, <br><br> Defendant/Counter-Plaintiff. | Civil Action No. 09-2032 (CKK) |

**MEMORANDUM OPINION**
(June 21, 2010)

Presently pending before the Court are Defendant's [15] Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, Plaintiff's [16] Motion to Voluntarily Dismiss his Complaint Without Prejudice, and Defendant's [17] Motion to Voluntarily Dismiss its Counterclaim Without Prejudice. For the reasons set forth below, the Court finds that the parties are in agreement that this case should be dismissed without prejudice at this time. Accordingly, the Court shall GRANT both Plaintiff's [16] Motion to Voluntarily Dismiss his Complaint Without Prejudice and Defendant's [17] Motion to Voluntarily Dismiss its Counterclaim Without Prejudice, and shall DISMISS the above-captioned matter without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Finally, given this ruling, the Court shall also DENY AS MOOT Defendant's [15] Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction.

**DISCUSSION**

Plaintiff, James H. Duncan, filed the above-captioned matter on October 29, 2009, against Defendant, the Board of Trustees of the Transit Police Retirement Plan (the "Board"). *See* Complaint, Docket No. [1]. As set forth in the Complaint, Plaintiff is a police officer

employed by the Washington Metropolitan Area Transit Authority ("WMATA") and is a member of the WMATA Transit Police Retirement Plan ("Plan"). *Id.* ¶ 1. Plaintiff was absent from his job for approximately 25 months as a result of work-related injuries. *Id.* ¶ 7. During that time, Plaintiff did not make contributions to the Plan. *Id.* ¶ 9. Upon returning to the job, Plaintiff sought to re-pay his contributions to cover the period of his absence from work, as provided for under the Plan's terms. *Id.* ¶ 10. The Board informed Plaintiff that he was also obligated to pay 8% interest on the contributions owed. *Id.* ¶ 11. Plaintiff disagreed, asserting that he is not required to pay interest on those contributions owed during his absence from work under the terms of the Plan. *See id.* Plaintiff subsequently filed the above-captioned lawsuit seeking declaratory relief in the form of an order holding that he is not obligated to pay 8% interest on the owed contributions under the language of the Plan's relevant provisions. *See generally id.* The Board has in turn filed a Counterclaim against Plaintiff, seeking payment from Plaintiff in the amount of his back contributions plus 8% interested owed. *See* Def.'s Ans. & Counterclaim, Docket No. [6].

On May 18, 2010, the Board filed a Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction. *See* Def.'s MTD Complaint, Docket No. [15]. The Board argues that this Court lacks subject matter jurisdiction because there is no federal question at issue and the amount in controversy is insufficient to satisfy the requirements of diversity of citizenship jurisdiction. *See id.* In response, Plaintiff filed a Motion to Voluntarily Dismiss his Complaint Without Prejudice. *See* Pl.'s MTD Complaint, Docket No. [16]. As set forth therein, Plaintiff asserts that as a result of changed circumstances, he believes the dispute may be more effectively resolved through the collective bargaining process. *Id.* Although Plaintiff had contacted counsel for the Board, as required by LCvR 7(m), Defense counsel was unable to get authorization from

his clients to consent to voluntary dismissal of this action prior to the filing of Plaintiff's motion. *Id.* Accordingly, at the time of filing, Plaintiff was unable to indicate whether the Board agreed to the voluntarily dismissal of the Complaint. *Id.* Shortly thereafter, the Board filed its own Motion to Voluntarily Dismiss its Counterclaim Without Prejudice, to which Plaintiff has consented. *See* Def.'s MTD Counterclaim, Docket No. [17]. As explained therein, the Board indicated that its motion was made as the result of changed circumstances and discussions between the parties. *Id.*

On June 15, 2010, this Court issued a Minute Order with respect to the parties' three pending motions. The Court noted that no LCvR 7(m) certification had been provided updating the Court as to the Board's position with respect to Plaintiff's [16] Motion to Voluntarily Dismiss his Complaint Without Prejudice. Nonetheless, given that the Board subsequently filed its own [17] Motion to Voluntarily Dismiss its Counterclaim Without Prejudice, to which Plaintiff consented, the Court indicated that it understood the parties' filings to indicate that both Plaintiff and the Board agreed that the Complaint and Counterclaim should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a). The Court further stated that,

> To the extent [the Board] disagrees, it must file a notice with the Court, on or before June 18, 2010, indicating its objection to dismissal of Plaintiff's Complaint without prejudice and explaining the basis for its objection. If no such notice is received by that date, both Plaintiff's Complaint and Defendant's Counterclaim shall be dismissed without prejudice.

6/15/10 Min. Order.

The Board did not file any such notice by June 18, 2010, or at anytime thereafter. Accordingly, based upon the Court's June 15, 2010 Minute Order and the parties' respective filings, the Court finds that the parties are in agreement that both Plaintiff's Complaint and the Board's Counterclaim should be dismissed without prejudice. The Court shall therefore GRANT

both Plaintiff's [16] Motion to Voluntarily Dismiss his Complaint Without Prejudice and Defendant's [17] Motion to Voluntarily Dismiss its Counterclaim Without Prejudice, and shall DISMISS the above-captioned matter without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Finally, given this ruling, the Court shall also DENY AS MOOT Defendant's [15] Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction. An appropriate Order accompanies this Memorandum Opinion.

Date: June 21, 2010

                                                       /s/
                                             **COLLEEN KOLLAR-KOTELLY**
                                             United States District Judge